UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA M. DAMON TRUST,

    Plaintiff,          Case No. 2:03-CV-135

v                   Hon. Gordon J. Quist

NORTH COUNTRY FINANCIAL
CORPORATION, et al,

    Defendants.
_____/

**ORDER DENYING MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

    Defendant Sherry L. Littlejohn has filed a motion to compel the Michigan Office of Financial and Insurance Services (OFIS) to produce documents sought by a subpoena served upon that agency (docket no. 193). She also sought the same documents by subpoena from the Federal Deposit Insurance Corporation (FDIC). Co-defendant Ronald G. Ford and plaintiff Virginia M. Damon Trust support defendant's motion.

    Initially FDIC indicated some reluctance to produce the subpoenaed documents, but prior to the hearing agreed it would do so. Thus, Littlejohn will have the documents. OFIS maintains that since the same documents were furnished to both regulatory agencies in the first place, the documents to be produced by both agencies therefore will be the same. Defendant Littlejohn concedes that this is probably true for the most part, but argues it is important to be able to show each document that was sent to the agencies, and wants none overlooked.

1

OFIS is not a party to this lawsuit, nor is it the only source of the numerous documents sought by defendant. Indeed, the other regulatory agency (FDIC) has now stated it will comply with the subpoena. Defendant has not had an opportunity to review the materials FDIC is in the process of furnishing. It seems unreasonable to the court that two separate government agencies, neither a party to this action, should be required to undertake the burden of going through their files and culling out information responsive to the subpoena when the documents appear to be essentially the same.

Accordingly, for the reasons more fully stated on the record at the hearing held on this motion, the motion is DENIED, without prejudice to defendant Littlejohn renewing the motion after she has had an opportunity to review the materials furnished by FDIC and has made a good-faith effort to determine more specifically what documents OFIS may have that FDIC does not. Presumably, this would require further communication and cooperation between the defendant and OFIS to considerably pare down Ms. Littlejohn's request. This might, for example, take the form of Littlejohn submitting to OFIS a list of the documents received from FDIC to determine if OFIS has any additional documents not listed. In any event, if it is necessary for Littlejohn to renew the motion, OFIS remains bound by the subpoena previously served.

IT IS SO ORDERED.

Dated: August 17, 2006  /s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
United States Magistrate Judge